**In Re Anonymous No. 72 D.B. 82**

Disciplinary Board Docket No. 72 D.B. 82.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

TUMOLO, *Member,* October 9, 1986—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to this petition for reinstatement:

## I. HISTORY OF PROCEEDINGS

[    ] (petitioner) was suspended from the practice of law by order of the Supreme Court of Pennsylvania on October 6, 1983. The principal conduct leading to the suspension was in 1980 when petitioner represented a woman in a divorce proceeding and advised her to remove her husband's name from a joint checking account. When the husband wrote checks on the account, the wife filed a private criminal complaint against her husband charging him with forgery, and [Petitioner], in his capacity as the District Attorney of [B] County, approved the criminal complaints. Although the criminal action was subsequently withdrawn by another member of petitioner's staff, the husband was initially held for court. Petitioner's record both at the time the Supreme Court acted to suspend him, and subsequently, shows several informal admonitions which were administered because of neglect of pending client matters.

On March 13, 1986, this petition for reinstatement was filed with the Disciplinary Board of the Supreme Court of Pennsylvania.

The petition for reinstatement was assigned to hearing committee no. [    ].* On May 19, 1986,

* [    ], Esq. Chairman; [    ], Esq., Member, and [    ], Esq., Member.

evidence was taken by the hearing committee on the petition for reinstatement. The hearing committee recommended to the Disciplinary Board of the Supreme Court of Pennsylvania that petitioner be readmitted to the Bar of the Supreme Court of Pennsylvania. No exceptions were filed by the Office of Disciplinary Counsel.

## II. SUMMARY OF HEARING COMMITTEE FINDINGS

Petitioner is 44 years of age and was admitted to the practice of law in the Commonwealth of Pennsylvania in 1972. Between that time and 1980, he variously practiced in association with another lawyer, as a public defender, and as a sole practitioner. In 1980 he was elected district attorney for [B] County at a salary of $25,000 per year, for what was supposed to be a part-time job. However, there was a 1,000 case backlog in [B] County, and the job demanded an overwhelming amount of petitioner's time. In fact, it was undisputed that the large expenditure of time as district attorney, while petitioner still attempted to maintain his private practice of law, resulted in both his own physical impairment and a considerable disruption of his family life. The record shows that he was working at least 60-70 hours per week. This resulted in neglect of some of the private matters that petitioner was handling, and consequently the record of several private admonishments being administered.

Petitioner continued as the district attorney of [B] County until the date of his suspension.

Thereafter, petitioner remained unemployed until May of 1984 at which time he took a position with [A] Insurance Company as an agent selling life and disability insurance and doing work for health and accident insurance, pensions, retirement programs,

and the like. All of the evidence showed that petitioner did an outstanding job in that employment, and consequently earned a number of merit awards from his employer.

Of significant interest is the fact that the petitioner now has a diary tickler safeguard system, a procedure he should have developed during the time that he practiced law. This is extremely important since the evidence shows there are several civil suits which have not yet been concluded, and have statute of limitations problems because of the failure to have the cases on a tickler system. However, all disciplinary actions relating to these civil cases have been resolved. Moreover, the record shows, and it is not contested, that petitioner recognizes the errors of his past conduct, and is firmly resolved to not permit those mistakes to occur in the fututre.

Petitioner attended the bar review course conducted at [    ] College in [     ], Pa. in August of 1985. In addition, he has regularly read the Atlantic Reporter to keep himself current with developments in Pennsylvania Law.

The transcript impressively shows correspondence from a number of respected practitioners in the [C] area who have the highest regard for petitioner, and state without qualification that his readmission would have no detrimental effect on the reputation of the Bar in the community. Moreover, all found his personal moral qualifications to be appropriate for his readmission, and that his reputation in the community was sufficiently strong that he still commanded the respect of the citizens.

## III. DISCUSSION

Petitioner is evaluated in reinstatment under Rule 218 of the Pennsylvania Rules of Disciplinary

Enforcement which require that he show by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for resuming the practice of law, and that his readmission will neither be a detriment to the standing of the Bar or the administration of justice.

The board has found on numerous occasions that attendance at the [   ] College Review course, when coupled with reading the published opinions of the appellate courts, and not rebutted by other evidence, is at least the minimum sufficient to establish the learning in the law required for readmission. Petitioner's compentency during the time that he practiced was attested to by numerous qualified practitioners. Petitioner has met his burden.

The hearing committee found that petitioner is firmly resolved to avoid his past mistakes. There is no evidence in the record from which any other conclusion could be drawn.

Finally, a number of highly respected lawyers in the community came forth and attested to petitioner's moral qualifications, and that his readmission would not be a detriment to the standing of the Bar and the administration of justice. This uncontradicted evidence compels that the board conclude that petitioner has also met this criteria for readmission.

## IV. RECOMMENDATION

The board unanimously recommends to the Supreme Court of Pennsylvania that the petition for reinstatement be granted, and that the costs of this proceeding be paid by petitioner.

Ms. Judith Heh did not participate in the adjudication.

## ORDER

NIX, C. J., And now, March 6, 1987, the recommendation of the Disciplinary Board dated October 9, 1986, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.